[No. 1694.]

Henry Harrison *v.* The State.

Accomplice Testimony — Charge of the Court.— In a prosecution wherein the State relied solely upon the uncorroborated testimony of accomplices, the accused requested the following special instructions: " 1. A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.  2. Nor can one or more accomplices corroborate each other, but the evidence must be from some other source.  3. An accomplice, in the sense used in the foregoing, means every one connected with the crime committed, either as principal or otherwise." *Held*, that the charges asked announced the law upon the subject, and their refusal was error.

APPEAL from the County Court of Freestone.    Tried below before the Hon. O. C. Kirven, County Judge.

The appellant in this case was convicted upon an information charging that he did, on the 15th day of August, 1883, in the county of Freestone, Texas, run a horse race with George Tisdale and others, over a public road.    A fine of $25 was the punishment imposed by the jury.

The testimony for the State shows that the defendant and five other parties, including the party who made the affidavit upon which the information in this case was based, returning home from camp-meeting on the night of August 15, 1883, acting upon the suggestion of the prosecuting witness, to escape the dust, ran their horses at their fleetest, over a public road.    The horse of one of the parties ran into and upset the buggy of a Mr. Carter.    No agreement to run a race was made, but the several horses were pressed to their greatest speed.    No witness, other than the members of the party who ran horses at the same time, identified the defendant as one of the party.

W. D. Vickers testified, for the defense, that while he was traveling home in his wagon in the rear of Carter's buggy on the night of the alleged horse race, four or five parties ran past the witness at quite a rapid speed.    The defendant was behind those that passed the witness, and rode up to the witness's wagon in a lope, seemingly making an effort to hold his horse in.    He remarked to the witness: "Those fellows came near running into you, didn't they?"    The defendant engaged the witness in conversation until he was joined by George Tisdale, who rode up in a walk.    The two then rode on together to Carter's overturned buggy.    The parties began to run their horses some seventy-five or a hundred yards behind the witness.    Witness did not know who they were when they passed him.

George Harrison, the defendant's brother, testified in his behalf that he owned the horse ridden by the defendant on the night of the alleged race.    That horse was a high-spirited animal, difficult, if not impossible, to restrain from running when other horses ran up behind him, or attempted to pass him.

The questions considered in the opinion were raised on the motion for new trial.

The record contains no brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge.    This conviction was obtained upon the uncorroborated testimony of witnesses who were accomplices in the offense charged against the defendant.    Their testimony as to defendant's guilt was not only not corroborated, but it was contradicted by the other evidence in the case.    On the trial the defendant requested the court to instruct the jury as follows:

" 1.    A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.

" 2.    Nor can one or more accomplices corroborate each other, but the evidence must be from some other source.

" 3.    An accomplice, in the sense used in the foregoing, means any one connected with the crime committed, either as principal or otherwise."

These instructions were refused by the court, and the defendant excepted and saved his bill of exception.    It was error to refuse these requested instructions, and for such error the judgment must be reversed.    ( *Winn* v. *The State*, 15 Texas Ct. App., 169; *Powell* v. *The State*, Id., 441; *Dunn* v. *The State*, Id., 560.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered January 28, 1885.]